Affirmed and Memorandum Opinion filed July 3, 2003













Affirmed and
Memorandum Opinion filed July 3, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00819-CR

_______________

 

PATSY RUTH
STEPHENS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 917,992

_________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Patsy Ruth Stephens appeals a
conviction for aggravated robbery on the grounds that: (1) the trial court
erred in failing to suppress an out-of-court identification that was based on
an unduly suggestive photo spread; and (2) the evidence was legally and
factually insufficient to prove that she used or exhibited a deadly
weapon.  We affirm.

                                                                  Identification

            The argument portion of appellant’s
first issue asserts that the photo spread police presented to witnesses was
unduly suggestive, but does not state how or why it was unduly suggestive or
provide standards for determining under what circumstances such a photo spread
becomes impermissibly suggestive.[1]  In addition, at the identification hearing in
the trial court, the photo spread was not offered into evidence or otherwise
made a part of our record for appellate review. 
Therefore, we are unable to review the photo spread to determine whether
it is suggestive.  Under these
circumstances, appellant’s first issue presents nothing for our review and is
overruled.

                                                                Deadly Weapon

            Appellant’s second through fifth
issues challenge the legal and factual sufficiency of the evidence to prove
that she used or exhibited a motor vehicle as a deadly weapon.  Appellant contends that the evidence shows
that she used her automobile only to escape and that she collided with the
complainant accidentally while doing so, but does not prove that she used the
vehicle with any intent to threaten or cause injury or death or in a manner
that was capable of doing so.

                                                             Standard of Review

            In assessing legal sufficiency, we
determine whether, based on all of the record evidence, viewed in the light
most favorable to the verdict, and the reasonable inferences therefrom, a rational jury could have found the accused
guilty of the offense beyond a reasonable doubt.  Swearingen
v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). 
The question is not whether a rational jury could have entertained a
reasonable doubt as to the appellant’s guilt, but whether such a jury would
necessarily have done so.  Id. at
95-96.  In reviewing factual sufficiency,
we consider all the evidence in a neutral light to determine whether the proof
of guilt is either so obviously weak as to undermine confidence in the jury’s
determination or, if adequate taken alone, is greatly outweighed by contrary
proof.  Id. at 97.

            As relevant to the allegations in
this case, a person commits the offense of aggravated robbery if, in the course
of committing theft and with an intent to obtain or maintain control of
property, he: (1) intentionally or knowingly places another in fear of imminent
bodily injury; and (2) uses or exhibits a deadly weapon.  See
Tex. Pen. Code Ann. §§
29.02(a)(2), 29.03(a)(2) (Vernon 2003). 
“In the course of committing theft” includes conduct that occurs during,
or in immediate flight after, the commission of theft.  Id. §
29.01(1).  A “deadly weapon” includes
anything that in the manner of its use is capable of causing death or serious
bodily injury.  Id. §
1.07(17)(B) (Vernon 2003).

            An automobile can be a deadly weapon
if it is driven in a manner to endanger lives. 
Cates v. State, 102 S.W.3d
735, 738 (Tex. Crim. App. 2003). 
This is true even if the automobile is only driven recklessly, i.e., with deadly effect but not a
deadly purpose.  See Tyra v. State, 897 S.W.2d 796, 798-99
(Tex. Crim. App. 1995) (affirming affirmative deadly
weapon finding for use of automobile in committing involuntary (intoxication)
manslaughter).

                                                             Review of Evidence

            In this case, the complainant was a
supermarket employee who observed appellant shoplifting and pursued her into
the parking lot of the store.  As
appellant got into her car with the stolen merchandise and began backing up,
the complainant attempted to stop her by banging on the driver’s side window
and back of the car, but appellant continued backing up, striking the
complainant slightly, and then drove away from the store.  As to appellant’s use of the car as a deadly
weapon, the complainant testified that: (1) appellant knew the complainant was
behind her car because appellant turned her head around and saw the complainant
there and saw the complainant in her rearview mirror; (2) as the complainant
stepped out of the way to avoid being hit, appellant turned, and the car hit
the complainant’s left side; and (3) the complainant thought at the time that
appellant was going to run her down. 
This evidence is legally sufficient to prove that appellant knowingly
placed the complainant in fear of imminent bodily injury and that appellant
used a deadly weapon by driving her automobile in a manner that was capable of
causing serious injury.  Because
appellant cites no evidence to refute this, the evidence is factually
sufficient to prove these matters as well. 
Accordingly, appellant’s second through fifth issues are overruled, and
the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed July 3,
 2003.

Panel consists of Justices Yates,
Hudson, and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]           See Tex. R. App. P. 38.1(h) (requiring
brief to contain a clear argument for the contentions made).